UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL O. COOK**<br>    **LA. DOC #84686**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-2229**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael O. Cook, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 29, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. Plaintiff sues the State of Louisiana alleging that the State violated his civil rights by permitting its Courts to abuse the discretionary selection process of grand jury foremen pursuant to La. C.Cr.P. art. 413 as that statute was applied prior to its amendment by Act 984, §1 of the 1999 Louisiana Legislature. Plaintiff prays for a judgment declaring that his constitutional rights were violated and, for judgment granting plaintiff a new trial or immediate release from custody. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Sometime during the mid 1970's, plaintiff was indicted by the Lincoln Parish Grand Jury and charged with First Degree Murder. [Doc. 1-2, p. 4] He was subsequently tried and convicted of

Second Degree Murder and sentenced to serve life without benefit of parole.  His conviction and sentence were affirmed by the Louisiana Supreme Court on April 11, 1977. *State of Louisiana v. Michael O'Shea Cook*, 345 So.2d 29 (La. 4/11/1977), *rehearing denied*, 5/13/1977.

He requested and on December 22, 1997, obtained, voluntary dismissal of his petition for *habeas corpus* filed in this court.  *Michael O. Cook v. Warden, L.S.P.*, Civil Action No. 3:97-cv-0994.  His subsequent attempt to obtain authorization to file a successive *habeas corpus* petition was denied by the Fifth Circuit Court of Appeals on August 13, 1999. *In re: Michael O. Cook*, 99-30643.

He filed the instant civil rights complaint on December 29, 2011. He argues that "... the Louisiana Courts [abused] the discretionary selection afforded by the provisions of Article 413 of the Louisiana Code of Criminal Procedure to practice Racial Discrimination in violation of the Plaintiff's Civil Rights by using the selection to place whites in the position of Foreman of the Grand Jury."  He further argued that this "... practice demonstrates the bias and partial position of the Louisiana Courts, which prejudice[d] the plaintiff's position before the courts, and has an adverse effect on the Plaintiff's existence that continues to this very day." [Doc. 1, p. 5]

Plaintiff claims that he is entitled to injunctive and declaratory relief. He maintains "... that his past and [continuous] confinement without a fair and impartial trial as is required and entitled by the State and Federal constitutional laws as sought herein, has and continues to cause plaintiff irreparable injury, by the continued denial of his constitutional rights stated herein."

He prays for an injunction ordering the defendant "... to identify any and all defendants who have or may have been affected in their courts by these practices from 1968 to today."  Finally, he prays for a judgment declaring that his state and federal constitutional rights "... were and continues to be violated...", and, for an injunction "ordering the defendant ... to grant plaintiff ... a new trial or

immediate release." [Doc. 1, p. 6]

*Law and Analysis*

*1. Screening*

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915 and 1915A, and 42 U.S.C. § 1997e(c).

*2. Habeas Corpus or Civil Rights*

Plaintiff is a prisoner in state custody. He filed his complaint pursuant to the provisions of 42 U.S.C. §1983. However, it is clear from the pleadings that plaintiff is challenging the constitutionality of his conviction and continued custody and not the conditions of his confinement. *Habeas corpus* (28 U.S.C. §§2241 or 2254) provides the appropriate remedy for prisoners challenging their convictions or the duration of their sentences. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989). Section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Crim. Justice*, 37 F.3d 166, 168 (5th Cir.1994).

The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim should be properly characterized as a § 1983 claim or one for *habeas* relief – if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action

is a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997) (citation omitted).

Plaintiff complains of the validity of his conviction based on the alleged unconstitutional process used to select the foreman of the Grand Jury that indicted him; a favorable determination would entitle him to immediate or accelerated release. Indeed, that is the relief he prays for. Therefore, to the extent that he seeks *habeas corpus* relief in this civil rights complaint, he fails to state a claim for which relief may be granted.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe , Louisiana, March 15, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE